AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>Rayfield Vaughn a/k/a Simon<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:16mj49-JCG<br>)<br>)<br>) |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 28 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   March 10, 2016   in the county of   Harrison   in the
   Southern   District of   MS, Southern Division  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm. |

This criminal complaint is based on these facts:
See affidavit attached hereto and incorporated herein

☑ Continued on the attached sheet.

*Complainant's signature*

Michael Parten Special Agent/ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    06/28/2016

*Judge's signature*

City and state:      Gulfport, MS         John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

## Affidavit for Criminal Complaint

I, Michael Parten, being duly sworn and deposed, state the following:

I have been employed since 2005 as a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have obtained a Bachelor's Degree in Criminal Justice. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF Special Agent Basic Training. As an ATF Agent, I am empowered to investigate violations of Federal Firearms, Arson and Explosive Laws.

During my tenure with ATF I have been involved in various degrees and capacities with numerous investigations. The investigations involved the illegal possession of firearms by convicted felons, the possession and use of firearms by narcotics traffickers/gang members, illegal sale or possession of machineguns and short-barrel shotguns or rifles, arsons of structures which affect interstate commerce, and the manufacture, possession or use of illegal explosive devices. A number of these investigations have included conspiratorial relationships between multiple defendants and generally involved a series or pattern of criminal activities or multiple criminal schemes.

I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with other law enforcement agents and sources and upon my examination of various reports, evidence and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support issuing a criminal complaint, it does not include all the facts that have been learned during the course of this investigation.

Based upon my own personal knowledge and information I received from various law enforcement sources that include but are not limited to the Mississippi Bureau of Narcotics, I am aware of the following facts:

1. According Circuit Court of Hancock County Mississippi records, Rayfield VAUGHN, aka SIMON was convicted of two counts of Possession of Controlled Substance and sentenced to a term of five years in the custody of the Mississippi Department of Corrections (MDOC) followed by three years post release supervision.

2. On 03/09/2016, ATF agents met with ATF CI 10046 (hereafter referred to as CI). At this time the CI made a recorded phone call to VAUGHN. During the phone call the CI and VAUGHN talked about the sale and price of a previously discussed Ruger, model Redhawk, .44 caliber revolver, SN: 50111543 with an attached scope. VAUGHN stated that he had already shown the CI that the scope cost $700.00 and the firearm cost $1400.00. The CI offered VAUGHN $450.00 for the firearm and VAUGHN agreed to sell.

3. In the same phone call the CI asked VAUGHN if he would be able to sell him $100.00 of crack cocaine. VAUGHN replied that he would go grab some (crack cocaine) real quick.

4. On 03/10/2016, ATF agents met with ATF CI 10046. At this time the CI made a recorded phone

call to VAUGHN. During the phone call the CI and VAUGHN agreed to conduct the above brokered deal in Gulfport, MS.

5. Later in the day on 03/10/2016, the CI arrived at the buy location. VAUGHN arrived a short time later in a silver Ford F150. Also in the truck were VAUGHN's girlfriend and their son. VAUGHN handed the CI a soft sided gun case that contained a Ruger Model Redhawk, .44 caliber revolver, SN: 501-11543. There were 15 rounds of .44 caliber ammunition in a side pocket of the gun case.

6. While still at the location VAUGHN was on the phone giving someone directions to their location. A silver Ford Taurus pulled up and VAUGHN walked to the Ford Taurus then handed the CI suspected crack cocaine he had agreed to sell to the CI. The CI paid VAUGHN $460.00 for the firearm and $100.00 for the suspected crack cocaine (approximately one gram).

7. Pursuant to Title 18 U.S.C. 922(g)(1), it is unlawful for a convicted felon to receive, possess, a firearm that has been shipped or transported in interstate or foreign commerce.

8. On June 27, 2016 ATF SA Shane Lynes examined the Ruger Model Redhawk, .44 caliber revolver, SN: 501-11543. Based upon his training and experience the above mentioned Ruger Model Redhawk, .44 caliber revolver is a firearm and is not manufactured in the State of Mississippi. Therefore, this firearm would have moved in or affected interstate commerce to now be physically located in Mississippi.

Based on the foregoing facts and circumstances, your affiant believes probable cause exists to believe that Rayfield VAUGHN, aka SIMON did possess a firearm on March 10, 2016, at a time that he had previously been convicted of a felony, in violation of Title 18, U.S.C., § 922(g)(1).

_____
Michael Parten
Special Agent, US Department of Justice
Alcohol, Tobacco, Firearms & Explosives

Sworn and subscribed before me this ____ June 28, 2016.

_____
United States Magistrate Judge